**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EUROPE R. COLBERT,

Plaintiff,

v.

Case No. 26-cv-13114
Honorable Brandy R. McMillion

DIAMOND COLBERT,
MYKHEL MCNAIR,

Defendants.
__________________________________ /

**ORDER OF SUMMARY DISMISSAL**

Plaintiff Europe R. Colbert ("Plaintiff") brings this *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Diamond Colbert and Mykhel McNair (collectively, "Defendants") for violations of the Fourth Amendment and various state laws. *See generally* ECF Nos. 1, 5.[1] Colbert also filed an Application to Proceed in District Court Without the Prepayment of Fees or Costs. ECF No. 2. For the reasons below, the Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*, but this case is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court finds that Plaintiff has failed to state a federal claim for

[1] Plaintiff filed a Motion to file an Amended Complaint (ECF No. 5) and included therewith the First Amended Complaint. *See* ECF No. 5, PageID.15-27. Because no one has been served with this action, the Court will consider the First Amended Complaint as the operative pleading in this matter, pursuant to Fed. R. Civ. P. 15.

which relief can be granted, and Plaintiff's state law claims should be litigated in state court.

**I.**

Plaintiff is seeking civil redress against Defendants for an alleged unlawful arrest and criminal prosecution. *See* ECF No. 5, PageID.16-18. Plaintiff states that Defendants reported allegations of property damage which Plaintiff denies committing. *Id*. Plaintiff claims that because of Defendant's false allegations, Plaintiff was arrested, incarcerated, criminally charged, but the charges were ultimately dismissed. *Id.* at PageID.17-18.

Plaintiff brings claims for Stalking and Harassment (Count I), Invasion of Privacy – Intrusion Upon Seclusion and Electronic Surveillance (Count II), Invasion of Privacy – False Light (Count III), Defamation and Defamation Per Se (Count IV), Abuse of Process (Count V), Civil Conspiracy (Count VI), Tortious Interference with Prospective Advantage and Business/Personal Relationships (Count VII), Fourth Amendment Unreasonable Seizure/False Arrest under 42 U.S.C. § 1983 (Count VIII), Michigan Malicious Prosecution (Count IX), and Intentional Infliction of Emotional Distress (Count X). *See* ECF No. 5, PageID.18-25. Plaintiff seeks compensatory, punitive, and exemplary damages, lost wages, and costs. *Id.* at PageID.26.

## II.

Plaintiff has filed an Application to Proceed in District Court Without the Prepayment of Fees and Costs (*in forma pauperis*), which based on Plaintiff's financial status, the Court **GRANTS**. ECF No. 2. Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The standard of Federal Rule of Civil Procedure 12(b)(6) applies to determine whether the dismissal of a complaint is warranted under § 1915(e)(2)(B)(ii). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

Courts liberally construe *pro se* civil rights complaints. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain

sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To state a federal civil rights claim, a plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978). Private parties can only be liable under 42 U.S.C. § 1983 where their actions may be "fairly attributable to the state." *Nugent v. Spectrum Juv. Just. Servs.*, 72 F.4th 135, 140 (6th Cir. 2023) (citing *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003)).

**III.**

The sole federal claim before the Court is Count VIII which alleges violation of the Fourth Amendment's right against unreasonable seizure and false arrest under 42 U.S.C. § 1983. *See* ECF No. 5, PageID.22-23. However, because Defendants are both private parties, to sustain a civil rights claim, Plaintiff must show that the defendants were "acting under the color of state law." *Jones v. Duncan*, 840 F.2d 359, 361-62 (6th Cir. 1988). Plaintiff has alleged that Defendants knowingly provided false and fabricated information to law enforcement. ECF No. 5,

PageID.23. However, nothing is alleged that they did so at the direction or behest of law enforcement or any other state actor. Even if the officers relied on these statements, that is insufficient to show that Defendants acted under the color of state law. Therefore, the Court can discern no theory that would support a claim for relief under §1983. Even liberally construing the *pro se* complaint, Plaintiff has not pled any facts indicating that the actions of Defendants can be fairly attributable to the state. *Nugent*, 72 F.4th at 140. Therefore, the federal § 1983 claim must be dismissed.

That leaves Plaintiff's state law claims (Counts I – VII, X, and X). District courts have discretion to decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Given the dismissal of the alleged federal § 1983 Fourth Amendment claim (Count VIII), the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Therefore, the Court dismisses those claims without prejudice and instructs Plaintiff to refile those claims in state court, if desired.

**IV.**

Accordingly, Plaintiff's alleged federal claim under 42 U.S.C. § 1983 (Count VIII) is summarily **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). The remaining state

law claims (Counts I – VII, X, and X) are **DISMISSED WITHOUT PREJUDICE**, to be refiled in state court, if Plaintiff so desires.

**IT IS SO ORDERED**.

***This is a final order that closes the case.***

Dated: September 10, 2026

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge